[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 06, 2003
THOMAS K. KAHN
CLERK

No. 02-15326
Non-Argument Calendar

_____

D.C. Docket No. 02-00030-CR-004

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWIN JETER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(May 6, 2003)**

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Appellant, a federal prisoner currently serving a 168-month sentence

imposed following a plea of guilty to conspiracy to manufacture

methamphetamine, in violation 21 U.S.C. § 846, challenges his sentence on the ground that the district court, in applying the Sentencing Guidelines, erred in denying him a minor role adjustment pursuant to U.S.S.G. § 4B1.1.

Appellant is a career offender. Under the Guidelines, a defendant is a career offender if the following three elements are present (as they are here):

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. While a career offender's criminal history category is always Category VI, § 4B1.1 indicates that with respect to the defendant's offense level, as distinguished from his criminal history category, "[i]f an adjustment from § 3E1.1 (Acceptance of Responsibility) applies, [a court must] decrease the offense level by the number of levels corresponding to that adjustment." U.S.S.G. § 4B1.1.

In contending that the court should have granted him a minor role adjustment under § 4B1.1, appellant relies on the rule of lenity. The rule of lenity applies if a statute – in this instance, a sentencing guideline – is ambiguous. United States v. Johnson, 155 F.3d 682, 685 (11th Cir. 1998). Because § 4B1.1,

by its express terms, only authorizes an adjustment based on acceptance of responsibility, and does not mention the minor role adjustment, and since "the inclusion of one implies the exclusion of others," United States v. Koonce, 991 F.2d 693, 698 (11th Cir. 1993), the guideline is not ambiguous and the rule of lenity does not apply. Johnson, 155 F.3d at 685.

In a previous opinion, we appeared to join several sister circuits in holding that the minor role adjustment is not available to a defendant sentenced under the career offender provision. See id. at 684 & n.4 (citing to the First, Seventh, Eighth, and Ninth Circuits, all of which have held that mitigating role adjustments do not apply in the career offender scenario). Today we make it clear that minor role adjustments are not available to defendants sentenced under § 4B1.1.

Appellant's sentence is, accordingly,

AFFIRMED.