[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13366
Non-Argument Calendar

_____

D. C. Docket No. 04-00496-CR-T-27-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN BARRIOS,
a.k.a. DJ Loops,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 23, 2006)**

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

On March 18, 2005, the district court accepted appellant's plea of guilty to

two counts of a thirteen-count indictment: Count One, conspiracy to possess with intent to distribute Methylenedioxymethamphetamine ("MDMA"), known as "ecstasy," in violation of 21 U.S.C. § 846, and Count Five, possession with intent to distribute MDMA, in violation of 21 U.S.C. § 841(a)(1).  On June 7, 2005, the court, having determined that appellant is a career offender under U.S.S.G. § 4B1.1, sentenced him to concurrent prison terms of 151 months.  He now appeals his sentences as unreasonable on two grounds.  First, the court should not have treated him as a career offender because his previous offenses (on which his career offender status was based) over represented his propensity for recidivism; moreover, appropriate consideration of the sentencing purposes of 18 U.S.C. § 3553(a) required a lesser sentence.  Second, in determining his sentence range under the Guidelines, the court should have reduced his offense level under U.S.S.G. § 3B1.2 because he was less culpable than his co-conspirators.[1]  We find no merit in either ground and therefore affirm appellant's sentences.

In determining whether a sentence is unreasonable, we first determine whether the district court correctly determined the sentence range the Guidelines prescribes.  United States v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir. 2005).

---

[1]  The Government argues that we lack jurisdiction to entertain this appeal because appellant's sentences were not below the Guidelines sentence range.  United States v. Martinez, No. 05-12706 (decided January 9, 2005) (11th Cir. 2005) forecloses this argument.

Given appellant's criminal record – which is extensive – we could not fault the court for treating appellant as a career offender under U.S.C.G. § 4B1.1. And, since United States v. Jeter, 329 F.3d 1229, 1230 (11th Cir. 2003), instructs that a career offender may not receive a role adjustment under U.S.S.G. § 3B1.2, the court committed no error in refusing to adjust appellant's offense level downward for his role in the criminal activity. In sum, the court correctly applied the Guidelines.

Once we conclude that the Guidelines were correctly applied, we determine whether the court considered the sentencing purposes of 18 U.S.C. § 3553(a)(2). Appellant says that a proper consideration of those purposes would have yielded lesser sentences than the ones he received. We are not persuaded.

When we take into account that included in appellant's criminal history were convictions for three drug-related offenses – possession of cocaine, trafficking in phenethylamines, and dealing in MDMA;[2] that appellant committed the Counts One and Five offenses while serving sentences of probation for the latter two offenses; and that the district court obviously concluded that the sentences it handed down served the specific deterrence purposes of § 3553(a)(2)(A), (B), and (C) – especially (C), the need to protect the public from the defendant's

_____

[2] These convictions were handed down by three Florida circuit courts – in Broward, Seminole, and Orange counties.

pronounced propensity to commit criminal acts, we must conclude that appellant's sentences, which are at the bottom of the prescribed Guidelines sentence range, are not unreasonable.

**AFFIRMED.**