IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2008

Charles R. Fulbruge III
Clerk

No. 06-50603
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JESUS MANUEL RONQUILLO, also known as Jesus Adrian Ronquillo, also
known as Jesus Manuel Rodriguez, also known as Jesus Manuel Ronquillo

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-265-2

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jesus Manuel Ronquillo appeals the sentence that he received after he
pleaded guilty to conspiring to possess with intent to distribute marijuana in
violation of 21 U.S.C. § 846. Ronquillo argues that he received ineffective
assistance of trial counsel because counsel failed to argue relevant facts,
circumstances, and law relative to a downward adjustment based on Ronquillo's
role in the offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

There is some question as to whether the appeal waiver in Ronquillo's plea agreement prevents him from bringing a direct appeal regarding ineffective assistance of counsel. However, because, at rearraignment, Ronquillo was informed that the waiver does not bar ineffective assistance of counsel claims and because the Government has not sought in its brief to enforce the appeal waiver, we turn to the merits of Ronquillo's appeal. See United States v. Story, 439 F.3d 226, 231 (5th Cir. 2006).

Claims of ineffective assistance of counsel are resolved on direct appeal only when the record allows this court "'to evaluate fairly the merits of the claim.'" United States v. Nguyen, 504 F.3d 561, 575-76 (5th Cir. 2007). The record in the instant case presents such a scenario. The record belies Ronquillo's argument that counsel did not argue facts that would support an adjustment in his offense level for a minor role in the offense. Counsel objected to the probation officer's decision not to include such an adjustment. He also argued at sentencing that Ronquillo made no money from his offense and that he was a minor participant. Moreover, the career offender guideline, U.S.S.G. § 4B1.1, authorizes only an adjustment based on acceptance of responsibility. See, e.g., United States v. Jeter, 329 F.3d 1229, 1230 (11th Cir. 2003) (citing to First, Third, Seventh, Eighth, and Ninth Circuits). Ronquillo's argument that counsel was ineffective for failing to argue that he was entitled to an adjustment for his minor role lacks bases in fact and in law.

AFFIRMED.