[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12047
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 13, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00130-CR-DHB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES LEWIS JACKSON, JR.,
a.k.a. Rock,
a.k.a. Big Roc,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(March 13, 2009)**

Before EDMONDSON, Chief Judge, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Defendant-Appellant James Lewis Jackson, Jr., appeals his 160-month sentence imposed after he pleaded guilty to cocaine distribution, 21 U.S.C. § 841(a)(1). No reversible error has been shown; we affirm.

Jackson argues that he was entitled to a mitigating role adjustment, U.S.S.G. § 3B1.2, because of his minimal participation in the offense. Without the adjustment, he contends, his sentence is unreasonable. Jackson did not object to the lack of a mitigating role adjustment in the district court; so we review his present claim only for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).[1]

Jackson was sentenced as a career offender.[2] Mitigating role adjustments are unavailable to career offenders sentenced under U.S.S.G. § 4B1.1. United States v. Jeter, 329 F.3d 1229, 1230 (11th Cir. 2003). Therefore, Jackson was ineligible for a mitigating role adjustment under section 3B1.2; and the district court committed no error, plain or otherwise, in denying him such an adjustment.

In arriving at a reasonable sentence, the district court first must calculate

---

[1]Under plain-error analysis, we may not correct an error unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights," and "(4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

[2]Jackson does not challenge his designation as a career offender; nor do we discern error in it.

correctly the guidelines range and then must consider the factors listed in 18 U.S.C. § 3553(a). <u>United States v. Talley</u>, 431 F.3d 784, 786 (11th Cir. 2005). Jackson's only challenge to the reasonableness of his sentence involves the district court's guidelines calculation. Because Jackson was unentitled to a mitigating role adjustment, his reasonableness argument fails.[3]

AFFIRMED.

---

[3]To the extent that Jackson challenges the substantive reasonableness of his sentence under the section 3553(a) factors based on his minimal participation in the offense conduct, we conclude that the district court adequately considered the factors and sufficiently stated its reasons for the sentence. <u>See</u> <u>United States v. Rita</u>, 127 S.Ct. 2456, 2468-69 (2007).