[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13676
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20413-PAS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMIRO BURGOS, JR.,
a.k.a. Junior,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 6, 2013)

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

Ramiro Burgos, Jr. appeals his 232-month sentence, which included a 30-month downward variance, imposed after pleading guilty to conspiracy to possess and distribute methamphetamine.  Burgos contends the district court erred in (1) denying him a minor-role reduction under U.S.S.G. § 3B1.2(b), and (2) imposing a sentence that was substantively unreasonable pursuant to 18 U.S.C. § 3553(a).

*Minor-role reduction*

Burgos asserts the district court relied solely on his role of supplying drugs in the conspiracy, and did not compare his relevant conduct to the relevant conduct for which he was held responsible, or to the conduct of his co-conspirators, in denying his minor-role reduction.  While conceding that the minor-role reduction is unavailable to career offenders, he argues that a finding that he played a minor role in the conspiracy would warrant a larger variance under § 3553(a).

The district court did not clearly err in denying Burgos a minor-role reduction.  *United States v. DeVaron*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc) (holding we review for clear error a district court's factual determination of a defendant's role in the offense).  The district court considered the facts and decided that Burgos, as the supplier of a significant amount of methamphetamine, was not a minor participant in the conspiracy.  Further, Burgos admits his designation as a career offender precludes him from qualifying for a minor-role reduction.  *See*

2

*United States v. Jeter*, 329 F.3d 1229, 1230 (11th Cir. 2003). To the extent Burgos argues the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220, 245 (2005), changed the rule in *Jeter*, he is mistaken. Although a defendant's Guidelines range is now advisory, a court's correct application of the Guidelines provisions in calculating the range is still mandatory. *United States v. Brehm*, 442 F.3d 1291, 1300 (11th Cir. 2006). Additionally, any objection to the court's consideration of factors outside the Guidelines calculations should be addressed under substantive reasonableness, under the § 3553(a) factors.

*Substantive reasonableness*

Burgos asserts that, in analyzing the § 3553(a) factors, the court failed to sufficiently consider his unique circumstance as a longtime methamphetamine addict and that his motive for joining the conspiracy was to supply his addiction rather than to profit monetarily. Further, he claims his sentence did not reflect the actual, limited role he played in the conspiracy and that it was out of conformity with the sentences of his arguably more culpable co-conspirators. He concludes the court's failure to give adequate weight to these mitigating circumstances resulted in an unreasonably high sentence.

The district court did not abuse its discretion in imposing Burgos's sentence *See Gall v. United States*, 552 U.S. 38, 41 (2007) (explaining the reasonableness of a sentence is reviewed under a deferential abuse of discretion standard). First, in

3

calculating his sentence, the district court granted a 30-month downward variance from the low end of the applicable Guidelines range.  As we ordinarily expect a sentence falling within the applicable Guidelines range to be reasonable, a sentence below the range would certainly not appear unreasonably high.  *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (stating although we do not automatically presume a sentence falling within the Guidelines range to be reasonable, we normally expect such a sentence to be reasonable).  Further, the 232-month sentence was well below the statutory maximum of lifetime imprisonment.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (determining the sentence was reasonable in part because it was well below the statutory maximum).  Under § 3553(a), the court adequately considered Burgos's personal history and characteristics, such as his addiction to methamphetamine, his attempts at rehabilitation, and his role in the conspiracy.[1] In addressing the potential sentencing disparity between Burgos and his co-conspirators, the court focused on the extent to which they were similarly situated, including that Burgos was the only conspirator designated as a career offender.

---

[1]  The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider such factors as the nature and circumstances of the offense, the history and circumstances of the defendant, and the need to avoid unwarranted sentencing disparities.  *Id.* § 3553(a)(1), (6).

After finding some risk of unwarranted sentencing disparity, the court granted Burgos the aforementioned 30-month downward variance.  Overall, the court imposed a sentence that was supported by the record and met the goals contained within 18 U.S.C. § 3553(a).  Accordingly, Burgos's sentence was substantively reasonable.

**AFFIRMED.**