[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13273
Non-Argument Calendar

_____

D.C. Docket No. 8:03-cr-00288-SDM-MAP-9

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN APPLEFIELD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 5, 2013)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin Applefield, a federal prisoner appearing with counsel, appeals the

district court's denial in part of his 18 U.S.C. § 3582(c)(2) motion for a sentence

reduction, pursuant to Amendment 750 to the Sentencing Guidelines. On appeal,

Applefield asserts that he is eligible for the full extent of Amendment 750 relief because the district court erred when it reduced Applefield's sentence based on his alleged career offender guideline range from U.S.S.G. § 4B1.1(b) rather than an offense level from the U.S.S.G. § 2D1.1, under which Applefield was originally sentenced.

We review *de novo* a district court's legal conclusions in regard to the scope of its authority under the Sentencing Guidelines. *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). Facts contained in a PSI are deemed admitted for sentencing purposes unless a party objects to them clearly and specifically at sentencing. *United States v. Davis*, 587 F.3d 1300, 1303-04 (11th Cir. 2009) (18 U.S.C. § 3582(c)(2) proceeding context). The rule of lenity applies if a sentencing guideline is ambiguous. *United States v. Jeter*, 329 F.3d 1229, 1230 (11th Cir. 2003). The rule of lenity requires a grievous ambiguity or uncertainty in the governing text. *United States v. Maupin*, 520 F.3d 1304, 1307 (11th Cir. 2008). The simple existence of some textual ambiguity is insufficient to warrant application of this rule because most statutes are ambiguous to some extent. *Id.*

A defendant is a career offender if (1) the defendant was at least 18 years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony

2

convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a).  The term "crime of violence" in § 4B1.1(a) means in part any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that is burglary of a dwelling. U.S.S.G. § 4B1.2(a)(2).  If the offense level for a career offender from the table in § 4B1.1(b) is greater than the offense level otherwise applicable, the offense level from the table in § 4B1.1(b) shall apply. U.S.S.G. § 4B1.1(b).

A district court may modify an imprisonment term in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).  Part A of Amendment 750 amended § 2D1.1 by reducing base offense levels associated with various amounts of crack cocaine under the Drug Quantity Table in § 2D1.1(c). *See* U.S.S.G. App. C, Amend. 750, Pt. A.  In 2011, the Sentencing Commission decided to make Parts A and C of Amendment 750 retroactive. 76 Fed.Reg. 41332-01 (2011).  Amendment 750 became effective and retroactive on November 1, 2011. U.S.S.G. App. C, Amends. 750, 759.

A district court must follow a two-step process in ruling on a § 3582(c)(2) motion. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  First, the court must recalculate the defendant's sentence "by substituting the amended guideline range for the originally applied guideline range, and then using that new

base level to determine what ultimate sentence it would have imposed." *Id.* According to the Sentencing Guidelines, in determining whether a reduction in the defendant's imprisonment term is warranted, "the court shall determine the amended guideline range that would have been applicable to the defendant if the [applicable retroactive amendment] had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1), 1B1.10(c), comment. (n.4).  In making such determination, the court shall substitute only the applicable retroactive amendment for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected. *Id.*  Under the second step, the court has the discretion to decide whether to retain the original sentence or to resentence the defendant under the amended guideline range. *See Bravo*, 203 F.3d at 781.

"By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding." *Dillon v. United States*, 560 U.S. ＿, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010).  The Supreme Court has rejected a defendant's argument that the district court erred in failing to correct two mistakes in his original sentence, concluding that because such aspects of his sentence were not affected by the amendment to § 2D1.1, they were outside the scope of the proceeding authorized by § 3582(c)(2). *Dillon*, 560 U.S. at ＿, 130 S.Ct. at 2693-94.

A retroactive amendment to the drug quantity table at § 2D1.1 does not have the effect of lowering the career offender-based guideline range within the meaning of § 3582(c)(2), and district courts are not authorized to reduce a sentence on that basis. *See Moore*, 541 F.3d at 1327-28, 1330.  In *Freeman v. United States*, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), a plurality of the Supreme Court held that a defendant was eligible for a § 3582(c)(2) reduction in a specific situation where the defendant's plea agreement called for a particular sentence based on the subsequently lowered Sentencing Guidelines.  We held in *United States v. Lawson*, 686 F.3d 1317 (11th Cir. 2012), that *Moore* remains binding precedent in the Eleventh Circuit because it was not overruled by *Freeman*, because *Freeman* did not address defendants whose total offense level was calculated according to the career offender provision. *See Lawson*, 686 F.3d at 1321.

Section 3582(c)(2) did not empower or obligate the district court to reduce Applefield's sentence below the reduction that the district court already granted here. Applefield's career offender status was not nullified when he was originally sentenced based on an offense level from U.S.S.G. § 2D1.1, rather than an offense level from U.S.S.G. § 4B1.1(b).

**AFFIRMED.**