[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10399
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20483-CMA-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY SEAN DAWSON,
a.k.a. Tony,
a.k.a. T,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 16, 2013)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Anthony Sean Dawson appeals his 129-month sentence, imposed after he pled guilty to conspiring to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and to knowingly and intentionally distributing heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Dawson makes a multitude of arguments for why his sentence should be overturned. Specifically, Dawson argues that (1) his plea was not entered knowingly, voluntarily, and intelligently;[1] (2) the district court erred in denying his request for a mitigating role reduction pursuant to U.S.S.G. § 3B1.2(b); (3) the district court should have granted a downward departure pursuant to U.S.S.G. § 4A1.3(b) because Dawson's criminal history category substantially over-represented the seriousness of his criminal history and likelihood of recidivism; and (4) his sentence was procedurally and substantively unreasonable because the district court erred in denying Dawson's request for a downward variance pursuant to the sentencing factors enumerated in 18 U.S.C. § 3553(a). After reviewing each of Dawson's arguments in turn, we affirm his conviction and sentence.

Dawson asserts that his guilty plea was not entered knowingly, voluntarily, and intelligently because he was not properly informed of the rights he relinquished as required under Rule 11(b). *See* Fed. R. Crim. P. 11(b). As

---

[1] Dawson argues in his brief that the district judge failed to advise him he was waiving his right to an appeal by accepting the plea agreement. This argument is meritless. As the Government notes, there was no appeal waiver contained in Dawson's plea agreement.

conceded by Dawson, our standard of review is plain error since he failed to previously raise this issue. *See United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007). Moreover,

> [t]o demonstrate plain error, the defendant must show that there is (1) error, (2) that is plain and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*Id.* at 1276 (citations omitted) (internal quotations marks omitted).   There is no plain error present in this case.  The record shows the district court went through the germane requirements of Rule 11(b).   Additionally, in no way was the "fairness, integrity, or public reputation" of the proceeding affected by any omission of the rights Dawson renounced.  Thus, we affirm his conviction.

Turning to his sentence, Dawson argues he should have received a mitigating role reduction pursuant to U.S.S.G. § 3B1.2(b), which would decrease his base-offense level under the Sentencing Guidelines.  We review a district court's denial of a mitigating role reduction for clear error.  *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999).  Dawson was correctly sentenced as a career criminal due to his second-degree murder conviction for which he was released within the past 15 years and for 2 drug-related offenses in 2001.  *See* U.S.S.G. §§ 4B1.1, 4A1.2.  Defendants sentenced as career offenders are ineligible

for mitigating role reductions.[2] *United States v. Jeter*, 329 F.3d 1229, 1230 (11th Cir. 2003). Therefore, the district court was correct to refuse Dawson's request for a mitigating role reduction.

Dawson next asks this Court to overturn the district court's refusal to grant a downward departure under U.S.S.G. § 4A1.3(b). Section 4A1.3(b) states, "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." U.S.S.G. § 4A1.3(b). However, Dawson does not assert the district court incorrectly believed it lacked authority to grant a downward departure. Thus, we lack jurisdiction to review the district court's discretionary[3] decision to not grant a downward departure. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005) (stating "we lack jurisdiction to review the decision of the district court not to apply a downward departure").

---

[2] In his reply brief Dawson asserts the district court could still have awarded him a mitigating role reduction as a variance to his sentence. This argument is misplaced. The district court has full discretion to consider whether a lesser role in the offense warrants a variance under the "nature and circumstances of the offense." *See* 18 U.S.C. § 3553(a)(1) (2010). To assert this qualifies as a mitigating role reduction is incorrect.

[3] The record supports the district court's decision to not award a downward departure under U.S.S.G. § 4A1.3(b). Further, there is no circumstance in which a district court *must* grant a downward departure under § 4A1.3(b). Therefore, Dawson's assertion of an abuse of discretion by the district court is unfounded.

4

Finally, Dawson posits he should have received a downward variance because the district court failed to properly consider the sentencing factors in 18 U.S.C. § 3553(a), which constitutes a lack of substantive and procedural reasonability.  Specifically, Dawson argues the district court less than adequately considered the "nature and circumstances" of his offense, his "history and characteristics," and "the need for the sentence imposed."  *See* U.S.C. § 3553(a)(1)-(2) (2010).

We determine the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 591 (2007).  To determine procedural reasonability, we examine whether the district court properly calculated the Guidelines range, considered the § 3553(a) factors, treated the Guidelines as mandatory, based the sentence on "clearly erroneous facts," and gave a sufficient explanation for the sentence to permit "meaningful appellate review." *Id.* at 597.  When reviewing a sentence for substantive reasonability, a sentence is substantively unreasonable if, considering the totality of the circumstances, the court weighed the § 3553(a) factors unreasonably and imposed a sentence that did not achieve the purposes of sentencing outlined in § 3553(a).  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).  The party challenging the sentence bears the burden of proving the sentence enforced was unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

The district court did not abuse its discretion in imposing Dawson's sentence.  Dawson's Guidelines range was properly calculated, the district court considered the § 3553(a) factors, did not treat the Guidelines as mandatory, included no "clearly erroneous facts" in its determination, and gave a sufficient explanation for the imposition of Dawson's 129-month sentence.  Further, the sentence was substantively reasonable.  The district court stated that the § 3553(a) factors were considered and sentenced Dawson at the low end of the Guidelines range while also granting the Government's 15% reduction via their § 5K1.1 motion.  The district court weighed the totality of the circumstances in addition to the § 3553(a) factors and felt that 129 months was necessary due to Dawson's repeated criminal behavior.  Moreover, the district court is not required to discuss each factor during sentencing.  *Id.* at 786. Nothing more was required to impose his sentence. Dawson has failed to prove any absence of reasonableness by the district court. Therefore, we affirm his sentence.

**AFFIRMED.**

6