[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15713
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20165-DPG-6


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAZARO CANDELARIA,
a.k.a. Gordo,
a.k.a. YLO Laz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 12, 2016)

Before ED CARNES, Chief Judge, TJOFLAT, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

Lazaro Candelaria pleaded guilty to one count of conspiring to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. Based on that conviction and his status as a career offender, the district court sentenced Candelaria to 160 months imprisonment. He challenges his sentence.

Candelaria first contends that the district court erred by denying his request for a two-level reduction under United States Sentencing Guidelines § 3B1.2(b) based on his minor role in the offense. "We review for clear error a district court's denial of a role reduction." United States v. Moran, 778 F.3d 942, 980 (11th Cir. 2015).

Section 3B1.2(b) of the sentencing guidelines provides for a two-point offense level reduction if the defendant was a "minor participant" in the criminal activity. But as this Court has made clear, "minor role adjustments are not available to defendants sentenced under [U.S.S.G.] § 4B1.1" as a career offender. United States v. Jeter, 329 F.3d 1229, 1230 (11th Cir. 2003). Here, the district court determined that Candelaria was appropriately classified as a career offender under § 4B1.1, and he does not challenge that conclusion. As a result the district court did not err in denying Candelaria a minor role adjustment. For the same reason, Candelaria's argument that his sentence is procedurally unreasonable because of the district court's denial of a minor role adjustment also fails.

Candelaria also contends that his sentence is substantively unreasonable in light of the sentences imposed on his codefendants, whom Candelaria asserts had larger roles in the conspiracy. We review for abuse of discretion the substantive reasonableness of a sentence. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). "The party challenging the sentence bears the burden of showing that it is unreasonable." United States v. Trailer, 827 F.3d 933, 936 (11th Cir. 2016).

In imposing a particular sentence, a district court must consider, among other things, the nature of the offense, the history and characteristics of the defendant, and the applicable guidelines range. 18 U.S.C. § 3553(a). As Candelaria argues, a district court must also consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Id. § 3553(a)(6). But as this Court has recently noted, "there can be no 'unwarranted' sentencing disparities among codefendants who are not similarly situated." United States v. Azmat, 805 F.3d 1018, 1048 (11th Cir. 2015).

3

Candelaria has not shown that his sentence is substantively unreasonable. His criminal history includes felony convictions for violent robbery and multiple controlled substance offenses, and those offenses led to his classification as a career offender.  Candelaria's codefendants did not have criminal histories that led to career offender classifications, and as a result, they were not "similarly situated" defendants.  See United States v. Jordan, 635 F.3d 1181, 1188 (11th Cir. 2011); United States v. Quinn, 123 F.3d 1415, 1426 (11th Cir. 1997).

In determining Candelaria's sentence, the district court considered his significant criminal history, the overall criminal conspiracy, his role in the conspiracy, his guidelines range, and the other sentencing factors in 18 U.S.C. § 3553(a).  Based on those considerations, it sentenced Candelaria to 160 months imprisonment — a term of imprisonment below his guidelines range of 188 to 235 months.  The district court did not make a clear error of judgment in considering the § 3553(a) factors, and it did not abuse its discretion in sentencing Candelaria. See Irey, 612 F.3d at 1189.

**AFFIRMED.**

4