[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-11175
Non-Argument Calendar

————————————————

D.C. Docket No. 1:18-cr-20683-DMM-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH EUGENE THOMAS, JR.,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(March 30, 2020)

Before NEWSOM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Kenneth Thomas, Jr. appeals his convictions and below-guideline 168-month sentence for conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846, and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).  Thomas pleaded guilty to both charges.  He argues that: (1) the district court plainly erred when it accepted his guilty pleas as knowing and voluntary because there was not a factual basis and he did not understand the proceedings and possible sentences; (2) the district court clearly erred when it denied his request for a minor-role reduction because he was not essential to the drug conspiracy; (3) the district court erred when it denied his request for a downward departure because his criminal history was overrepresented; (4) his sentences were substantively and procedurally unreasonable because the district court failed to make an individualized assessment of the 18 U.S.C. § 3553(a) factors and should have focused on the disparity between the sentences given to his codefendants instead of his career-offender status; and (5) his trial counsel was ineffective for failing to file an interlocutory appeal of the district court's denial of his motion to suppress and for giving bad advice regarding his guilty pleas.  We affirm his convictions and sentence.

## I.

The facts relevant to Thomas's guilty pleas in this case are as follows. Thomas came to the attention of law enforcement as part of an investigation into a

2

drug distribution ring in Miami-Dade County, Florida.  As part of this investigation, wiretaps were authorized on several coconspirators' cell phones.  A confidential informant also provided law enforcement with information regarding the ring's operations and its distribution of crack and powder cocaine throughout the area.

Law enforcement saw Thomas leave a house associated with the ring, and pulled Thomas's vehicle over.  A narcotics K-9 that was brought to the stop alerted to the vehicle.  While Thomas initially denied that there were any drugs in the vehicle, he later acknowledged that he had drugs in the steering wheel.  Law enforcement eventually recovered approximately 39.9 grams of crack cocaine from the column of the steering wheel.  A few months later, Thomas was named as a co-defendant in a multi-defendant indictment against the distribution ring.  He entered a plea of not guilty.

Thomas later filed a motion to suppress the recovered drugs, arguing that the officers unlawfully stopped his vehicle.  A magistrate judge held an evidentiary hearing regarding the motion before issuing a Report and Recommendation that the motion be denied.  As part of that recommendation, the magistrate found: (1) that Thomas was a participant on over 100 phone calls to wiretapped phones that were connected to the conspiracy and used coded language that reasonably appeared to refer to drug transactions; (2) that a particular member of the conspiracy, Johnny

Berlin Martin, supplied Thomas with cocaine to distribute, while Thomas gave Martin marijuana in return; and (3) that Thomas had been observed engaging in hand-to-hand transactions in front of a Quick Way Mart. Based in part on those findings, the magistrate concluded that the officers reasonably believed that they had probable cause to stop Thomas's vehicle.

Thomas filed objections to the Report and Recommendation, arguing against (1) the finding that he conducted hand-to-hand transactions in front of the Quick Way Mart; (2) the finding that the K-9 "walked around the vehicle immediately after the vehicle stop"; (3) the finding that he was not a credible witness; and (4) the conclusion that he was involved in illegal drug transactions. With admittedly odd timing, he then notified the court that he would change his plea to guilty.

At the plea hearing, the magistrate inquired into Thomas's competency to proceed. Thomas indicated that he was suffering from mental health issues, including schizophrenia. Thomas also stated that he was taking drugs that helped manage his mental health issues. The magistrate ultimately concluded that Thomas was able to understand what the judge told him and found him competent to make a guilty plea.

The magistrate then engaged in an extensive colloquy with Thomas regarding his guilty plea. As part of that discussion, Thomas agreed that he visited alleged coconspirator Martin on the date he was spotted by the police with an

4

understanding that he would be supplied crack cocaine. He also agreed that he had taken possession of the cocaine and that he had intended to give the cocaine to other individuals. The magistrate concluded that there was a sufficient factual basis for the plea and accepted it. Thomas's motion to suppress was then denied as moot.

Thomas proceeded to sentencing. The court began by addressing a motion to withdraw that Thomas's counsel had filed the night before. Thomas's counsel indicated that he had filed the motion because Thomas had said that he was ineffective, but that Thomas now did not want him to withdraw as counsel. Thomas verbally affirmed to the court that he wanted to keep his counsel. The court denied the motion as moot.

The district court then reviewed the presentence investigation report (PSR). The PSR had calculated Thomas's offense level as 34 after adding two levels for obstruction at his suppression hearing and eight levels for his designation as a career offender. Thomas was also found to be in criminal history category VI.[1] That meant Thomas's advisory Guidelines range was 262 months to 327 months of imprisonment. The district court sustained an objection to the obstruction enhancement, explaining that it would not count toward the Guidelines range but

---

[1] His criminal history included convictions for armed robbery and second-degree murder with a firearm.

could be considered for purposes of a variance.  The court also granted a two-level reduction for Acceptance of Responsibility, but denied Thomas's request for a two-level minor role reduction.  That left Thomas's Guidelines range at 210 to 262 months of imprisonment.  The court denied Thomas's motion for a downward departure, instead granting a downward variance by sentencing Thomas to 168 months of imprisonment.  Thomas then appealed.

## II.

Thomas argues that the court plainly erred by accepting his guilty plea.  He first asserts that the factual basis for the plea was insufficient.  "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3).  On appellate review, we ordinarily ask "whether the district court was presented with evidence from which it could reasonably find that the defendant was guilty." *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1287 (11th Cir. 2015) (alteration omitted) (quotation omitted).  But because Thomas raises this objection for the first time on appeal, we review for plain error. *See United States v. Evans*, 478 F.3d 1332, 1338 (11th Cir. 2007).  To award relief under plain error review, we must find that (1) an error has occurred; (2) the error was plain; (3) the error affected substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Gonzalez*, 834 F.3d 1206, 1218 (11th Cir. 2016).  An

error is plain where it is clear or obvious. *Id.* The error must be so clearly established and obvious that it should not have been permitted by the trial court even absent the defendant's timely assistance in detecting it. *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015). Where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error when neither we nor the Supreme Court have precedent directly resolving it. *Id.* To establish that a Rule 11 error affected substantial rights, a defendant must show a reasonable probability that, but for the error, he would not have pled guilty. *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

After reviewing the district court's Rule 11 colloquy, we conclude that the district court certainly did not plainly err by finding a sufficient factual basis under Rule 11. "Sections 841(a)(1) and 846 make it unlawful for a person to conspire to 'manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.'" *United States v. Civil*, 758 F. App'x 874, 876 (11th Cir. 2019) (citation omitted). During his change of plea hearing, Thomas admitted that he had agreed with Martin to possess cocaine with the intent to distribute it to other individuals. The court did not plainly err in finding that admission sufficient to establish a factual basis.

Thomas also argues that the district court erred in finding him competent to enter a plea despite his mental illness. The "due process clause prohibits the trial

7

or guilty plea conviction of a person who is mentally incompetent"—but "an allegation of mental illness or other mental disability does not invalidate a guilty plea if the defendant was still competent to enter that plea." *United States v. Rodriguez*, 751 F.3d 1244, 1252 (11th Cir. 2014) (citation omitted). Instead, the district court must determine "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *Id.* (citation omitted) (internal quotation marks omitted). And because Thomas did not object to the district court's determination that he was competent to plead guilty, we again review for plain error. *See id.* at 1251.

Here there was no indication that Thomas was incompetent because of his medication or that he was unable to communicate with defense counsel. The court's opinion based on its conversations with Thomas was that Thomas understood what was happening, and Thomas's counsel informed the court that Thomas understood their conversations and that he did not believe that Thomas was incompetent. Thomas explained that he was taking drugs to treat his mental illness. The court therefore reasonably concluded that Thomas was competent (and certainly did not plainly err in its finding). The district court's questioning on this point also established that there was no Rule 11 violation, as Thomas understood the nature of the charges against him and the potential consequences and entered a

8

voluntary and knowing plea.  *Cf. United States v. DePace*, 120 F.3d 233, 238 (11th Cir. 1997).

III.

U.S.S.G. § 3B1.2 provides a two-level reduction based on a defendant's role in the offense if the defendant was a minor participant.  U.S.S.G. § 3B1.2.  We review a district court's denial of a role reduction for clear error.  *United States v. Bernal-Benitez*, 594 F.3d 1303, 1320 (11th Cir. 2010).  "The defendant bears the burden of establishing his minor role in the offense by a preponderance of the evidence."  *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016).  It is not necessary to decide Guidelines issues or remand cases where the Guidelines error, if any, did not affect the sentences.  *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006).  Minor-role reductions are not available to defendants sentenced under the career-offender provision.  *United States v. Jeter*, 329 F.3d 1229, 1230 (11th Cir. 2003).

Because he was properly sentenced under the career-offender provision, Thomas was not entitled to a minor-role reduction.  *See id.*  Even if he had not been sentenced under that provision, the district court would not have clearly erred in denying the reduction.  To determine whether a minor-role adjustment is appropriate, "the court must compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level" and "the

court may compare the defendant's conduct to that of other participants involved in the offense." *United States v. Alvarez-Coria*, 447 F.3d 1340, 1343 (11th Cir. 2006). But a defendant is not entitled to a minor-role reduction merely because he was somewhat less culpable than others. *See Bernal-Benitez*, 594 F.3d at 1320–21. The district court found that Thomas was a repeat distributor in the scheme. Even if Thomas had a smaller role in the drug conspiracy than his codefendants, he has not met his burden of establishing that he played only a minor role.

## IV.

Generally, we lack jurisdiction to review a district court's refusal to impose a downward departure, unless it appears that the district court erroneously believed that it lacked the authority to do so. *United States v. Chase*, 174 F.3d 1193, 1195 (11th Cir. 1999). Where, as here, nothing in the record suggests otherwise, we assume that the district court understood that it had authority to depart downward. *Id.* Accordingly, we do not have jurisdiction to review Thomas's argument on that issue.

## V.

We review the reasonableness of a sentence under an abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (*en banc*). The party challenging the sentence bears the burden to show that the

sentence is unreasonable considering the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

In reviewing a sentence for reasonableness, we first consider whether the district court committed any significant procedural error, and then consider whether the sentence was substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence is procedurally unreasonable if the district court commits an error such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, sentencing based on erroneous facts, or failing to explain the sentence given. *Id.* We have explained that a district court is not required to state on the record that it has explicitly considered or discussed each § 3553(a) factor; the court's acknowledgment that it considered the § 3553(a) factors and the defendant's arguments is sufficient. *United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2009).

The district court must impose a sentence that is not greater than necessary to satisfy the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences

available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

In evaluating the substantive reasonableness of a sentence, we consider the totality of the circumstances and whether the sentence achieves the sentencing purposes stated in § 3553(a). *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). When the ultimate sentence is reasonable considering all the circumstances, we have stated that we will not second guess the weight the district court placed on a particular factor or factors. *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010).

The district court need not specifically address every mitigating factor raised by the defendant for the sentence to be substantively reasonable. *Id.* at 873. However, a district court abuses its discretion when it (1) does not consider significant, relevant factors, (2) gives an improper or irrelevant factor significant weight, or (3) unreasonably balances proper factors such that there is a clear error of judgment. *Irey*, 612 F.3d at 1189. The district court may consider a defendant's uncharged or acquitted conduct. *United States v. Watts*, 519 U.S. 148, 154 (1997). Further, a claim based on unwarranted sentencing disparities assumes that the

defendants have similar records and have been found guilty of similar conduct. *Docampo*, 573 F.3d at 1101–02. "While we do not formally presume that a within-Guidelines sentence is reasonable, we ordinarily expect it to be so." *United States v. Babcock*, 924 F.3d 1180, 1197 (11th Cir. 2019). A sentence imposed well below the statutory maximum penalty also indicates a reasonable sentence. *Id.* After evaluating for reasonableness, we will only vacate a defendant's sentence if left with the firm conviction that the district court committed clear error in weighing the § 3553(a) factors and imposing a sentence outside the range of reasonable sentences based on the facts. *Irey*, 612 F.3d at 1190.

Here, the district court did not abuse its discretion in sentencing Thomas to 168 months' imprisonment because his total sentence was substantively and procedurally reasonable. The district court properly considered the 18 U.S.C. § 3553(a) factors and his codefendants' sentences in fashioning a reasonable sentence. It was within the district court's discretion to not give great weight to Thomas's mitigating personal circumstances, and his codefendants who received shorter sentences were held accountable for different criminal conduct and had different criminal records. Finally, the district court ultimately varied downward, demonstrating that it grappled with the arguments that Thomas put forward as to why he deserved a decreased sentence.

VI.

We review a claim of ineffective assistance of counsel *de novo*. *Gordon v. United States*, 518 F.3d 1291, 1296 (11th Cir. 2008). To show ineffective assistance, a defendant must establish that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant. *Id.* at 1297.

Thomas asserts that he should have received a three-level reduction for acceptance of responsibility and suggests that his attorney is responsible for failing to pursue that reduction in a timely fashion. He also argues that his attorney gave him poor advice on the consequences of pleading guilty. "Except in the rare instance when the record is sufficiently developed, we will not address claims for ineffective assistance of counsel on direct appeal." *United States v. Verbitskaya*, 406 F.3d 1324, 1337 (11th Cir. 2005) (citing *United States v. Tyndale*, 209 F.3d 1292, 1294 (11th Cir. 2000)). "The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion." *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010). We conclude that "the record below is not sufficiently developed to evaluate" Thomas's claim at this time, and that "the claim would be more appropriately addressed in a section 2255 motion." *See United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008).

**AFFIRMED.**

14