[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10915

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RAYNALDO RAY QUIROGA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:21-cr-00066-SPC-NPM-1

_____

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Disguised as a sheriff deputy, Raynaldo Ray Quiroga robbed a pawn shop and absconded with six firearms. One of those firearms was a Smith & Wesson M&P15-22, a semiautomatic weapon capable of accepting a large capacity magazine. A jury convicted Quiroga on four separate criminal counts, and the district court sentenced him to 480 months' imprisonment. Quiroga now appeals that sentence, arguing that because he did not *use* the Smith & Wesson M&P15-22 to commit the robbery, his crimes did not "involve[]" a semiautomatic firearm capable of accepting a large capacity magazine, as required by United States Sentencing Guidelines Manual § 2K2.1(a). Quiroga also contends that the rule of lenity precluded the district court from relying on Section 2K2.1(a) because the term "involved" is ambiguous. Based on these alleged errors, Quiroga concludes that the district court imposed a procedurally unreasonable sentence. But Quiroga ignores the Guidelines' plain text and its application to his crimes. Moreover, because Section 2K2.1(a) is not ambiguous, the rule of lenity is inapplicable. Accordingly, we affirm.

## I.

On May 19, 2021, Quiroga, dressed as a sheriff deputy, followed an accomplice into a local pawnshop and pretended to look for someone. He then drew a Glock 21 pistol from his duty belt,

racked it, and pointed it at the two shop clerks working that day. After ordering the clerks to the floor and restraining them, Quiroga removed six firearms from the shop safe. He escorted his accomplice out of the shop and fled the scene with the firearms. One of the firearms taken was a Smith & Wesson M&P15-22, a semiautomatic weapon capable of accepting a large capacity magazine.

The government charged Quiroga with (1) Hobbs Act robbery in violation of 18 U.S.C. § 1951; (2) brandishing a firearm in furtherance of the Hobbs Act robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii); (3) possessing a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2); and (4) possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). A jury convicted him on all four counts.

At sentencing, the district court applied an enhancement, which increased the base offense level to 22, because Quiroga's "offense involved a [] semiautomatic firearm that is capable of accepting a large capacity magazine," namely, the Smith & Wesson M&P15-22. *See* U.S.S.G. § 2K2.1(a)(3). Quiroga objected to the enhancement, arguing that he committed the crime at issue with the Glock 21, which is not capable of accepting a large capacity magazine. After overruling the objection and considering factors not relevant to this appeal, the district court set Quiroga's total offense level to thirty-eight and sentenced him to 480 months' imprisonment. Quiroga filed a timely notice of appeal.

## II.

We review questions of law arising under the Guidelines, as well as the district court's application of the Guidelines, *de novo*. *United States v. Williams*, 431 F.3d 767, 769 (11th Cir. 2005); *United States v. Gordillo*, 920 F.3d 1292, 1297 (11th Cir. 2019). "[B]y reviewing whether, among other things, the District Court miscalculated the guideline range," we ensure the procedural reasonableness of an imposed sentence. *United States v. Fox*, 926 F.3d 1275, 1278 (11th Cir. 2019).

## III.

On appeal, Quiroga advances two principal arguments. First, he argues that his sentence is procedurally unreasonable because the weapon used to commit the offense, the Glock 21, cannot accept a large capacity magazine. Second, Quiroga contends that Section 2K2.1(a)(3) is ambiguous because neither the Guidelines nor decisions applying the enhancement at issue specify what it means for a crime to have "involved" a firearm capable of accepting a large capacity magazine—he therefore urges us to resolve the supposed ambiguity in his favor based on the rule of lenity. We address each issue in turn.

A.    *The district court imposed a procedurally reasonable sentence.*

The crux of Quiroga's appeal rests on the procedural reasonableness of his sentence. He argues that, because he used a Glock

21, a weapon incapable of accepting a large capacity magazine, to commit Hobbs Act robbery, the district court should not have considered the Smith & Wesson M&P15-22 during sentencing. We disagree.

This Court derives a guideline's meaning "first from its plain language and, absent ambiguity, no additional inquiry is necessary." *United States v. Mandhai*, 375 F.3d 1243, 1247 (11th Circ. 2004). A base offense level of twenty-two is appropriate for unlawful possession of a firearm if "the offense *involved* a [] semiautomatic firearm that is capable of accepting a large capacity magazine." U.S.S.G. § 2K2.1(a)(3) (emphasis added).

We agree with Quiroga that the Guidelines nowhere define "involved," and our case law has not squarely addressed the term's scope. We thus defer to the word's plain meaning. *Mandhai*, 375 F.3d at 1247. To "involve" is to "include within its folds or ramifications; to contain, imply." *Oxford English Dictionary* (online ed.). In short, the definition is quite broad.

We need not address whether Quiroga's robbery offense "involved" a gun with a large-capacity magazine because there is no question that the enhancement applied to his possession offenses. *Compare* U.S.S.G. § 2K2.1 (describing base offense level computation for offenses involving "Unlawful Receipt, Possession, or Transportation of *Firearms* or Ammunition" and "Prohibited Transactions Involving *Firearms* or Ammunition") (emphasis added) *with id.* § 2B3.1 (describing base offense level computation for offenses involving "*Robbery*") (emphasis added). Here,

Quiroga stole the firearms that were the basis of his possession of-fenses, and one of those firearms was the Smith & Wesson M&P15-22. The district court correctly applied Quiroga's sentencing en-hancement under Section 2K2.1(a)(3) because his firearms-posses-sion crimes (counts three and four) undoubtedly "involved," based on that term's plain meaning, a semiautomatic firearm capable of accepting a large capacity magazine—the Smith & Wesson M&P15-22 that was the fruit of his robbery. Therefore, the district court did not miscalculate the guidelines advisory range and im-posed a procedurally reasonable sentence.

### B.    *The rule of lenity does not apply.*

Quiroga also argues that the rule of lenity applies to this case because the word "involved" in Section 2K2.1 is ambiguous and not defined in the Guidelines. Again, we disagree.

The rule of lenity is a substantive canon of statutory con-struction "requir[ing] courts to construe ambiguous criminal stat-utes narrowly in favor of the accused." *United States v. Wright*, 607 F.3d 708, 716 (11th Cir. 2010) (Pryor, J., concurring). It applies both to statutes and the Guidelines. *United States v. Jeter*, 329 F.3d 1229, 1230 (11th Cir. 2003).

But the canon presupposes *ambiguity*—none exists here. As previously noted, the district court applied Quiroga's sentencing enhancement for his firearms-possession convictions, not the Hobbs Act robbery. Whether the robbery "involved" the Smith & Wesson M&P15-22 is immaterial because his ultimate criminal

*possession* of that firearm, for which a jury convicted him, unequivocally "involved a [] semiautomatic firearm that is capable of accepting a large capacity magazine." U.S.S.G. § 2K2.1. Accordingly, the rule of lenity is inapposite.

## IV.

To cinch the matter, the district court imposed Quiroga's sentencing enhancement under Section 2K2.1 for his firearms-possession crimes. That enhancement comported with the Guidelines and was procedurally reasonable. Moreover, the rule of lenity does not apply to this case because Section 2K2.1 is not ambiguous. The judgment below is **AFFIRMED**.