**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10825

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

EDDY ALEXANDER SALINAS,

*Defendant- Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:24-cr-60075-MD-1

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Eddy Salinas appeals his total sentence of 240 months' imprisonment for two counts of distribution of 40 grams or more of fentanyl and one count of conspiracy to possess 400 grams or more

of fentanyl with intent to distribute. Salinas argues that his sentence was procedurally unreasonable because the district court failed to consider and weigh all relevant conduct when it denied his request for a two-level minor-role reduction under U.S.S.G. § 3B1.2. The government counters that Salinas, as a "career offender," is categorically ineligible to receive the reduction.[1]

The government is correct. "[M]inor role adjustments are not available to [career offenders] sentenced under § 4B1.1," which "by its express terms, only authorizes an adjustment based on acceptance of responsibility." *United States v. Jeter*, 329 F.3d 1229, 1230 (11th Cir. 2003). The district court found Salinas to be a career offender. Salinas withdrew his objections to this enhancement below and thereby abandoned it for purposes of appeal. *United States v. Horsfall*, 552 F.3d 1275, 1283–84 (11th Cir. 2008). And he hasn't presented the issue in his appellate brief.

Salinas therefore cannot receive a minor-role reduction, and the district court did not err in denying this reduction.

**AFFIRMED**.

---

[1] The government did not raise this argument before the district court, but we may affirm a district court's Guidelines calculation for any reason supported by the record. *See United States v. Matchett*, 802 F.3d 1185, 1191 (11th Cir. 2015).